**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHACHIK MARJANIAN, | No. 13-55865 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01471-SVW-OP |
| v. | MEMORANDUM* |
| JAMES E. TILTON, Secretary California Department of Corrections and Rehabilitation, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 1, 2015**
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Petitioner Khachik Marjanian appeals the district court's order denying his

application for habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

2253.  Reviewing de novo, McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir. 2008), we affirm.

1.  The district court erred in holding an evidentiary hearing.  Under Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), "review under [28 U.S.C.] § 2254(d)(1) [of the Antiterrorism and Effective Death Penalty Act of 1996] is limited to the record that was before the state court that adjudicated the claim on the merits."  In this case, the California Court of Appeal adjudicated Petitioner's ineffective assistance of counsel claim on the merits.  We therefore limit our review to the record that was before that court.  Cannedy v. Adams, 706 F.3d 1148, 1156 (9th Cir. 2013).

2.  The state court's determination of the facts was not unreasonable. Petitioner's trial counsel stated in his sworn declaration that he had informed Petitioner of the earlier plea offer but that Petitioner had rejected it.  Trial counsel's statement is corroborated by Petitioner's later motion to dismiss for vindictive prosecution, in which Petitioner claimed that the State's decision to bring second-degree murder charges was made in retaliation against Petitioner for "reject[ing] a proffered plea bargain of eight years and cho[osing] to exercise his right to a jury trial."  In light of that evidence, the state court's decision to deny Petitioner's

ineffective assistance of counsel claim, which was premised on trial counsel's alleged failure to inform Petitioner of the plea offer, was not unreasonable.

**AFFIRMED.**

*Marjanian v. Tilton*, No. 13-55865

WATFORD, Circuit Judge, concurring in the judgment:

The district court did not err by holding an evidentiary hearing. An evidentiary hearing was warranted here because the state habeas court refused to hold an evidentiary hearing of its own, despite the fact that it was presented with conflicting, plausible evidence on the key factual issue underlying petitioner's ineffective-assistance-of-counsel claim: whether counsel had conveyed the State's eight-year plea offer to petitioner. *See Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005). After conducting an evidentiary hearing and hearing live testimony from the key players, the magistrate judge properly found that counsel had in fact conveyed the plea offer to petitioner, and that counsel therefore did not render ineffective assistance. I would affirm the district court's denial of habeas relief on that basis.